IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Michael H. Wasserman, | ) | |
| | ) | Judge Carol A. Doyle |
| Debtor. | ) | |
| | ) | Case No. 15 B 24318 |

**MEMORANDUM OPINION**

     Michael Wasserman filed a chapter 7 bankruptcy petition four days before the return date on a third party citation to discover assets filed against his employer that could have resulted in the garnishment of his wages. The creditor who filed the citation, American Cash-N-Go, Inc., appeared in state court on the post-petition citation return date and got a conditional judgment entered against Wasserman's employer for its failure to appear and file required answers to interrogatories. Wasserman contends that this and later actions by American violated the automatic stay. He seeks damages and other remedies against American and its attorney, David Axelrod. American and Axelrod contend that they took action only against Wasserman's employer, not Wasserman himself or his wages, so they did not violate the automatic stay. The court agrees and will deny Wasserman's motion.

     I.     Facts

     American obtained a judgment against Wasserman in 2004 for $3,062.52 plus costs. It was unable to collect the judgment initially, but it revived the judgment in 2011. In June 2015,

American served a third party citation on Wasserman's employer, Class Act Limousine. Wasserman received notice of service of the citation. The citation summons had a return date of July 20, 2015. On July 16, Wasserman filed a chapter 7 bankruptcy petition. American and Axelrod received notice of the bankruptcy on July 17. Axelrod appeared on behalf of American in the Circuit Court of Lake County, Illinois on the return date - July 20. The state court entered a conditional judgment on that day against Class Act for $6,818.70, the full amount owed by Wasserman, because Class Act failed to appear in court or answer the citation interrogatories as required by the summons and Illinois law. American then filed and served a summons to confirm the conditional judgment with a return date of August 17, 2015. Class Act filed a motion to vacate the conditional judgment, raising Wasserman's bankruptcy case as a defense. The state court denied Class Act's motion and confirmed the conditional judgment, making Class Act liable to American for the full amount of the debt based on its failure to appear and respond to the interrogatories.

Wasserman filed this motion seeking sanctions and other relief against American and Axelrod (collectively referred to as "American") for violating the automatic stay by proceeding in state court after the bankruptcy petition was filed. He also seeks to avoid any lien on his wages that arose in the citation proceeding on the basis that it impairs an exemption.

### II.     Automatic Stay and Actions Against Non-Debtors

The automatic stay in 11 U.S.C. § 362(a) arises when a bankruptcy petition is filed. It operates as a stay of all proceedings to recover from the debtor or the debtor's bankruptcy estate on pre-petition claims against the debtor. Wasserman argues that American's actions violated

the stay because it was using the citation proceeding "as a wage deduction vehicle." American responds that it took no action against Wasserman or to obtain any of his wages after he filed his bankruptcy petition. Instead, it contends that all of its post-petition actions in state court were taken solely against Wasserman's employer for its own liability for its failure to comply with the Illinois citation statutes. American is correct. Its post-petition actions were solely against Class Act, not Wasserman, so it did not violate the automatic stay.

American filed a third party citation to discover assets in state court under 735 ILCS 5/2-1402, which creates a lien on a judgment debtor's assets, whether those assets are held by the debtor or a third party. When those assets are wages, the court and parties may proceed as if a wage deduction proceeding had been commenced under Part 8 of 735 ILCS 5/12, which governs wage deduction proceedings. 735 ILCS 5/2-1402(k-5) (West 2014). Section 808 of the wage deduction statute provides that the employer shall continue to pay the debtor his exempt wages, withhold non-exempt wages pending entry of a turnover order, and prepare and file a written answer to the wage deduction interrogatories. 735 ILCS 5/12-808(b) and (c) (West 2014).

When an Illinois wage deduction proceeding begins but is not completed before a bankruptcy petition is filed, continuation of the process post-petition can violate the automatic stay if the creditor continues to seek the debtor's wages because the debtor's interest in the garnished wages is not extinguished until the garnishment process is complete. *See, e.g., In re Gray*, 97 B.R. 930, 934 (Bankr. N.D. Ill. 1989). If, as happened here, however, an employer fails to respond to the proceeding, Illinois law provides for relief *directly against the employer*. Section 807(a) states that, "the court may enter a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor. A summons to confirm the

3

conditional judgment may issue against the employer ... commanding the employer to show cause why the judgment should not be made final." 735 ILCS 5/12-807(a) (West 2014). By failing to appear and answer the interrogatories, the employer is deemed to have admitted that it withheld wages, and "[e]ntry of a conditional judgment creates a personal liability of the garnishee-employer. ... This is a new and independent cause of action against the employer, not an order to turn over assets of the judgment debtor." *Id.* at 935 (citing *Stewart v. EGNEP Limited*, 581 F. Supp. 788, 790 (C.D. Ill. 1983)). The conditional judgment "is a remedy against the employer, who is not a debtor, for its failure to comply with the wage deduction statutes." *In re Waltjen*, 150 B.R. 419, 425 (Bankr. N.D. Ill. 1993) (citing 20 *Ill. Law & Practice*, Garnishment § 93 (1992)). *See also Hollander & Hollander v. Kamenjarin*, 201 Ill. App. 3d 799, 802 (1st Dist. 1990) (discussing liability of employer for failing to respond to garnishment interrogatories); *Aurora Nat. Bank v. Simpson*, 118 Ill. App. 3d 392, 394 (2nd Dist. 1983) (same); *Chicago Catholic Workers' Credit Union v. Rosenberg*, 346 Ill. App. 153, 159 (1st Dist. 1952) (same).

As the *Gray* court held in similar circumstances, when a citation summons is filed pre-petition but a bankruptcy petition is filed before the return date, the creditor may not proceed post-petition to collect any of the debtor's wages withheld by the employer. The creditor may, however, proceed against the employer if it fails to comply with its statutory duty to answer the interrogatories. 97 B.R. at 934-936. The employer is not protected by the automatic stay from performing its duties under the Illinois statute. Nothing prevented Class Act from responding to the interrogatories, and American was free to pursue its rights directly against Class Act for its

4

failure to respond.[1]

In his motion, Wasserman argued that American violated the stay because it was using the citation proceeding to collect his wages after he filed his bankruptcy case. After American's response demonstrated that it was not pursuing Wasserman's wages, he raised new arguments in his reply brief attacking the citation proceedings in state court for alleged errors. For example, he contends that the citation was not properly signed, and he asks this court to find that it was void *ab initio* on this basis. He also argues that the state court failed to expressly "determine" that the property held by Class Act was wages (even though he admits the proceeding involved wages), and that other errors were committed in the state court proceedings. Through each of these new arguments, Wasserman essentially asks this court to sit in review of a state court proceeding, which it cannot do. *See, e.g., Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014); *Wallis v. Fifth Third Bank*, 443 Fed. Appx. 202 (7th Cir. 2011). Bankruptcy courts determine that judgments or orders of other courts are void *ab initio* only if they were entered in violation of the automatic stay, not because the bankruptcy court determines that there were errors in the proceedings before the other court. Wasserman's new arguments are all impermissible collateral

---

[1] The only case cited by Wasserman in his motion, *Chicago Painters' and Decorators' Pension Funds v. Cunha*, 121 B.R. 232 (N.D. Ill. 1990), is not on point. It did not involve an attempt to garnish wages, a failure to appear and file answer to the interrogatories, or entry of a judgment against an employer under § 807. The third party citation respondent in *Cunha* owed the judgment debtor money and responded to the summons and interrogatories, but it paid the judgment debtor instead of holding the funds. The judgment debtor filed a bankruptcy petition before a turnover order was entered by the court, and the court declined to enter a turnover order while the stay was in effect because of concern about a potential impact on the bankruptcy estate. Here, there is no potential impact on the debtor or the bankruptcy estate. Under § 807, the conditional judgment is entered only against the employer, which must pay the judgment itself. The employer cannot collect this debt from the debtor's wages because they are protected by the automatic stay and the discharge injunction.

attacks on the state court orders that are not relevant to the issue before the court.

American pursued only Wasserman's employer, not Wasserman, after the bankruptcy case was filed. It made no attempt to collect any of Wasserman's pre-petition wages, and it has acknowledged that it cannot collect from Wasserman's post petition wages. *See, e.g., In re Chetto*, 282 B.R. 215 (Bankr. N.D. Ill. 2002). American did not violate the stay by pursuing its remedies against Class Act for its failure to comply with the Illinois citation statute. All of Wasserman's requests for relief based on the alleged violation of the automatic stay are denied.

III.     Lien Avoidance

Wasserman also seeks to avoid any lien created in the state court proceeding on his pre-petition wages, relying on 11 U.S.C. § 522(f). This request is denied for a number of reasons. First, Wasserman has not claimed an exemption in his schedules for wages withheld in the citation proceeding. Under § 522(f), a debtor must claim an exemption in an asset before a lien on the asset can be avoided for impairing the exemption. Having claimed no exemption for withheld wages, Wasserman cannot avoid a lien on them on the grounds that it impairs an exemption. Second, even if Wasserman had claimed an exemption for withheld wages in his bankruptcy schedules, any such claim of exemption would be invalid. There is no specific Illinois exemption for wages, and the Illinois "wildcard" exemption cannot be used for wages withheld in a wage deduction proceeding. 735 ILCS 5/12 - 1001 (West 2014) ("personal property exemptions ... shall not apply to or be allowed against any money, salary or wages due or to become due to the debtor that are required to be withheld in a wage deduction proceeding under Part 8 ..."). *See In re Youngblood*, 212 B.R. 593, 596 (Bankr. N.D. Ill. 1997); *In re*

*Franklin*, 210 B.R. 560, 564 (Bankr. N.D. Ill. 1997) (interpreting the clear language of the statute after its amendment to exclude wages). Thus, there is no Illinois exemption for wages for Wasserman to claim. Finally, it appears that no wages were withheld by Class Act pre-petition, so there are no funds to which the citation lien would attach in any event.

IV. Conclusion

American and Axelrod have not violated the automatic stay, and Wasserman is not entitled to avoid any lien created in the citation proceeding because it does not impair an exemption. Wasserman's motion is denied in its entirety.

Dated: December 16, 2015

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge